UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOCAL 689, AMALGAMATED TRANSIT UNION,<br>2701 Whitney Place<br>Forestville, MD 20747<br>　　　　　Plaintiff, | } | Case No. _____ |
| v. | } | COMPLAINT<br>AND<br>MOTION TO CONFIRM<br>ARBITRATION AWARD |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001<br>　　　　　Defendant. | } |  |

NATURE OF ACTION

1. This is a civil action against the Washington Metropolitan Area Transit Authority ("WMATA") to confirm and enforce an arbitration award, issued on April 8, 2016, under the binding arbitration provision of a collective bargaining agreement between the Plaintiff Union and Defendant WMATA.

JURISDICTION, VENUE AND GOVERNING STATUTES

2. Original jurisdiction of civil disputes in which WMATA is a party lies in the United States District Courts, WMATA Compact, DC Code Section 9-1107.01 (81) (Adopted by Congress as P.L. 89-774; 28 U.S.C. § 1391 (b)(1) and (2)). The arbitration was conducted by the parties in the District of Columbia, where WMATA's principal office is located, and many employees of WMATA represented by Plaintiff Local 689, ATU work in the District of Columbia, thus supporting venue in this Court. Finally, this action is

delimited by the provisions of the United States Arbitration Act, 9 U.S.C. Section 9, and the District of Columbia Model Arbitration Act, D.C. Code Section 16-4423.

## THE PARTIES

3. Defendant Washington Metropolitan Area Transit Authority ("WMATA") is political subdivision of the District of Columbia, Commonwealth of Virginia and the State of Maryland, created by legislative compact among those jurisdictions and by the United States of America to provide mass transportation services to citizens who travel within and among all three jurisdictions. D.C. Code § 9-1107.01; Md. Code, Transportation, § 10-204; and Va. Code §§ 56-529-56-530. WMATA owns and operates Metrobus, Metrorail and MetroAccess transportation systems (MetroAccess service operated through contracts with various private companies) and has the capacity to sue and be sued.  WMATA labor relations are authorized and depicted in Section 66 of the Compact, DC Code Section 9-1107.01(66).   WMATA's principal office is located at 600 5th Street, NW, Washington, DC, 20001.

4. Plaintiff Local 689, Amalgamated Transit Union, ("Local 689" or "the Union") represents for purposes of collective bargaining drivers, mechanics, clerical and maintenance personnel who are employed by WMATA in a wide variety of classifications throughout its operations.  Local 689 has represented continuously for over 90 years public transit workers in the District of Columbia and surrounding areas who worked for WMATA and its predecessors.  The principal office of Local 689 is located at 2701 Whitney Place, Forestville, MD, 22747.

5. Sonya Carr is an Human Resources (HR) Generalist III employed at WMATA who is tasked with ensuring that reinstated employees are placed back in their work locations.

6. Tawnya Moore-McGee, Chief Human Resources Officer at WMATA oversees Sonya Carr and the entire HR department.

## THE PARTIES' RELATIONSHIP

7. Plaintiff and Defendant are parties to a collective bargaining agreement which, as the WMATA compact requires, provides that all "labor disputes" which arise between them must be resolved through arbitration and further that the determination of a Board of Arbitration shall be "final and binding." (Contractual Excerpts Attached, Complaint Exhibit A, Compact § 66 attached, Exhibit B)

## THE CURRENT DISPUTE

8. On the date of April 8, 2016, a Board of Arbitration comprised of Neutral Chairman Ezio Borchini, management-appointed arbitrator M. Blake Martin and Union-appointed arbitrator Douglas Taylor resolved by award the grievance of General Equipment Mechanic AA Seyoum Haile. (Award Attached, the "Borchini Award," Complaint Exhibit C)

9. Mr. Haile had been discharged by WMATA on February 17, 2015 for falsifying work records and untruthful statements. Mr. Haile grieved this termination and the matter was presented in arbitration. The arbitration award states: "The penalty is to be mitigated to a 180 day suspension without pay, and without loss of benefits or seniority". (Complaint Exhibit C, p. 22)

10. Despite repeated assurances from WMATA, the grievant Seyoum Haile has not been reinstated, granted full seniority, and benefits in accordance with the Borchini award.

11. There has been no Motion to Correct or to Vacate the award under any of the applicable

Statutes, 9 U.S.C. Sections 10 and 11, or D. C. Code Sections 16-4420, 4423 or 4424, and any such Motion would now be untimely. (The applicable period is 90 days, see D.C. Code Section 16-4423( c)).

## CAUSES OF ACTION

### COUNT I – CONFIRMATION OF ARBITRATION AWARD

12. All allegations set forth above are repeated and included in this Count.

13. Confirmation of an arbitration award is mandatory under certain circumstances:

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to § 16-4420 or 16-4424 or is vacated pursuant to § 16-4423.
>
> D.C. Code Section 16-4422 (see also 9 U.S.C. Section 9)

14. Since the awards have not been modified, corrected or vacated, and the time has elapsed for any such motion to be filed, the Borchini Award must be confirmed.

### COUNT II – VIOLATION OF THE WMATA COMPACT - FAILING TO IMPLEMENT AWARD

15. All allegations set forth above are repeated and included in this Count.

16. Defendant WMATA and its officials are governed by and obliged to implement the provisions of the Compact, including Section 66 ( c), which requires, *inter alia*, that "The determination of the majority of the board of arbitration, thus established shall be final and binding on all matters in dispute." D.C. Code Section 9-1107.01(66c)

17. Necessarily, if the decision of a "majority of the board of arbitration" is to be "final and binding" its directives must be obeyed, as ministerial acts by WMATA officials.

18. By failing or refusing to act as directed by the Board of Arbitration, WMATA has

violated and continues to violate the express terms of the WMATA Compact.

### COUNT III– VIOLATION OF THE WMATA COMPACT - FAILURE TO PERFORM MINISTERIAL DUTIES

19. All allegations set forth above are repeated and included in this Count.

20. Section 66 ( c), of the WMATA requires, *inter alia*, that "The determination of the majority of the board of arbitration, thus established shall be final and binding on all matters in dispute."  D.C. Code Section 9-1107.01(66c)

21. Following the issuance of the final and binding award, Seyoum Haile was to be promptly returned to his former position. WMATA delegates the responsibility of ensuring the reinstated employee is given work assignments and put back on the payroll to the HR Department headed by Tawnya Moore-McGee Chief Human Resources Officer.

22. Within the HR department, Sonya Carr is specifically tasked with this duty. Despite repeated assurances to Local 689 Business Agent Anthony Barnes that she was going to process the reinstatement, Ms. Carr has not allowed Mr. Haile to return to work.

23. Accordingly, by failing to return Mr. Haile to his position in a timely manner following a final and binding arbitration, WMATA Human Resources Department representatives Ms. Moore-McGee and Ms. Carr have violated the Compact.

### COUNT IV- IN THE NATURE OF A WRIT OF MANDAMUS

24. All allegations set forth above are repeated and included in this Count.

25. Under Federal Rule of Civil Procedure 81(A)(6)(B), provides a for order in the nature of mandamus for actions taking place under 9 U.S.C. relating to arbitration.

26.  The United States Arbitration Act, 9 U.S.C. Section 9, reads in part, " If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award

     made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

27. The District of Columbia Model Arbitration Act, D.C. Code Section 16-4422 also states, "After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to § 16-4420 or 16-4424 or is vacated pursuant to § 16-4423."

20. By failing or refusing to act as directed by the Board of Arbitration, WMATA has violated and continues to violate Federal Rule of Civil Procedure 81(A)(6)(B).

## REMEDIES

21. This Court should order, without delay:

　　A.　The Borchini Award, dated April 8, 2016, between Local 689, Amalgamated Transit Union and the Washington Metropolitan Area Transit Authority is <u>Confirmed</u>.

　　B.　WMATA, including each and all of its officials, directors and employees shall <u>Implement</u> the decision of the Borchini Award by the following acts, all undertaken as ministerial duties (this order in the nature of mandamus): ensure that Seyoum Haile is placed back into his former position within 10 days of the Court order with all benefits restored.

　　C.　WMATA shall reimburse Plaintiff Union for all the costs of bringing this action,

including reasonable attorneys' fees, and any other relief or actions which may be required in the opinion of the Court.

Respectfully submitted,
Plaintiff
**Local 689, Amalgamated Transit Union, AFL-CIO**
By its Counsel,

_____/s/Douglas Taylor_____
Douglas Taylor 959502
Brian Connolly 1010429
GROMFINE, TAYLOR & TYLER P.C.
1420 King Street, Suite 5000
Alexandria, VA 22314
703.683.7780
703.683.8616 (fax)
Dtaylor@lbgt.com
